Saul Reiss, Esq.  SBN 48528
LAW OFFICES OF SAUL REISS, P.C.
2800 28TH Street
Suite 328
Santa Monica, CA 90405
Telephone 310-450-2888  Fax 310-450-2885
E-Mail saulreiss@verizon.net

```
┌─────────────────────────────┐
│           FILED             │
│  ┌───────────────────────┐  │
│  │     MAY 1 8 2009       │  │
│  └───────────────────────┘  │
│  CLERK U.S. BANKRUPTCY COURT │
│  CENTRAL DISTRICT OF CALIFORNIA │
│  BY:            Deputy Clerk │
└─────────────────────────────┘
```

Attorney for Plaintiffs PARVIZ NADJAT HAIEM,
CARSTEN NADJET and GP HAIEM, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>EZRI NAMVAR<br><br>Debtor.<br><br>_____<br><br>PARVIZ NADJAT HAIEM, CARSTEN NADJET HAIEM and GP HAIEM, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EZRI NAMVAR, an individual and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants.<br>_____ | BK Case No.:  2:08-bk-32349-BR<br>Chapter 11<br><br>Adversary Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(2)(A); and**<br>2. **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(6)**<br><br>[Demand for Jury Trial] |

COMES NOW, Plaintiffs PARVIZ NADJAT HAIEM, CARSTEN NADJET

HAIEM and GP HAIEM, INC., a California corporation ("Plaintiffs"), who allege as

follows:

### JURISDICTION AND VENUE

1.      Plaintiffs are informed and believe and, thereon allege, that on or about

December 22, 2008, an involuntary petition under 11 U.S.C. §33 was filed against defendant/

1   debtor Ezri Namvar ("Defendant Namvar") imposing an automatic stay in Bankruptcy Case

2   Number 2:08-bk-32349-BR, entitled In re Ezri Namvar, in the United States Bankruptcy

3   Court, Central District of California.

4        2.        This matter is a core proceeding and jurisdiction of this Court is based upon

5   the provisions of 28 U.S.C. §§157(b) and 1334.

6        3.        Jurisdiction exists under U.S.C. §1334.  Venue for this Adversary Proceeding

7   is proper in the Central District of California, Los Angeles Division, under 28 U.S.C.

    §1409(a) because the underlying Chapter 11 case was filed in this Central District, Los

8   Angeles Division.  The District Court has generally referred these matters to the Bankruptcy

9   Court for hearing pursuant to 28 U.S.C. §157 and applicable United States District Court of

10  California General Orders.

11                              **THE PARTIES**

12       4.        At all times material hereto, Plaintiff PARVIZ NADJAT HAIEM ("Plaintiff

13  Parviz") was and now is an individual and a resident of the County of Los Angeles, State of

14  California.

15       5.        At all times material hereto, Plaintiff CARSTEN NADJET HAIEM ("Plaintiff

16  Carsten") was and now is an individual and a resident of the County of Los Angeles, State of

    California.

17       6.        At all times material hereto, Plaintiff GP HAIEM INC., ("Plaintiff GP") was a

18  California corporation authorized to do business in and and doing business in the County of

19  Los Angeles, State of California.

20       7.        At all times material hereto, Defendant Namvar was and now is a resident of

21  Los Angeles, California, and is, on information and belief, an owner or principal and officer

22  or director of Namco Capital Group, Inc. ("Namco").

23       8.        Upon information and belief, Defendant Namvar formed Namco with the

24  intention of avoiding personal liability for the financial scheme described herein.  Plaintiffs

25  are informed and believe, and thereon allege, that Defendant Namvar used Namco as an alter

26  ego by, among other things:

27       a.        Dominated, controlled, and influenced, and does now dominate, control,

28  and influence, the corporate Namco the other officers, and directors of Namco, if any as

    well as the business, and property of Namco;

b.      At all times since its incorporation, said corporate Namco has been, and now is, a mere shell and naked framework which said individual Defendant Namvar has used, and does use, as a conduit for the conduct of his personal business and/or property affairs, and/or as obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate Namco, which are the obligations and liabilities of Defendant Namvar;

c.      Defendant Namvar created said corporate Namco which is being operated pursuant to a scheme, plan and design conceived by Defendant Namvar whereby the income, revenue and profits of said corporate Namco are and/or have been converted by Defendant Namvar to his own use and benefit;

d.      There is such a unity of interest and control between said corporate Namco on the one hand, and said individual Defendant Namvar on the other hand, that the individuality and separateness of said corporate Namco and of Defendant Namvar has ceased. Adherence to the fiction of the separate existence of said corporate Namco shall improperly sanction inequity and promote injustice; and

e.      Defendant Namvar held and does now hold substantial interest in said corporate Namco.

9.      Plaintiffs are informed and believe, and thereon allege, that the principal and manager of Hino-8, LLC ("Hino") is Eilel Namvar ("Eilel"), Defendant Namvar's father.

10.      Plaintiffs are informed and believe, and thereon allege, that Eilel at all times mentioned:

a.      Dominated, controlled, and influenced, and does now dominate, control, and influence, the corporate Hino the other officers, and directors of Hino, if any as well as the business, and property of Hino;

b.      At all times since its incorporation, said corporate Hino has been, and now is, a mere shell and naked framework which said individual Eilel has used, and does use, as a conduit for the conduct of his personal business and/or property affairs, and/or as obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate Hino, which are the obligations and liabilities of said individual Eilel;

c.    Said individual Eilel created said corporate Hino which is being operated pursuant to a scheme, plan and design conceived by said individual Eilel whereby the income, revenue and profits of said corporate Hino are and/or have been converted by said individual Eilel to his own use and benefit;

d.    There is such a unity of interest and control between said corporate Hino on the one hand, and said individual Eilel on the other hand, that the individuality and separateness of said corporate Hino and of said individual Eilel has ceased. Adherence to the fiction of the separate existence of said corporate Hino shall improperly sanction inequity and promote injustice; and

e.    Said individual Eilel held and does now hold substantial interest in said corporate Hino.

11.    Plaintiffs are unaware of the true names and capacities of the defendants designated as DOES 1 through 50, inclusive, and therefore sue such fictitiously named defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint when the true names and capacities of said fictitiously named defendants are ascertained.

12.    Plaintiffs are informed and believe, and thereon allege, that each of the defendants was the agent, alter ego, servant, co-conspirator and/or representative of each of the other remaining defendants and at all times herein relevant was acting within the authorized scope and course of said agency, conspiracy and employment and all of said acts, conduct or omissions were subsequently ratified by the respective principals and accepted by the principals of the defendants.

13.    Plaintiffs are informed and believe, and thereon allege, that each defendant was the agent, employee, servant, partner or co-conspirator of each of the other defendants or is in some other manner legally liable for the conduct and damages at issue in this action and was acting within the scope of one or more of such relationships and with the direct or implied knowledge, consent or ratification of each of the other defendants.

## THE TRANSACTIONS

14.    On or about July 30, 2008, at Los Angeles, California, Hino made, executed and delivered to Namco its promissory note in the amount of Two Million Nine Hundred

Thousand Dollars ($2,900,000.00) (the "Hino Note") and a long form Deed Of Trust,
Assignment of Rents, Security Agreement and Fixture Filing (the "Hino TD") which secured
the Hino Note. The Hino TD was recorded in the office of the County Recorder of the
County of Los Angeles on August 20, 2008 as document number 20081497493. (A true and
complete copy of the Hino TD is attached hereto as Exhibit "1" and made a part hereof by
this reference).

15.     Plaintiffs are informed and believe and based thereon allege that in or about
July 2008, Hino, Eilel, Namco and Defendant Namvar entered into a plan, arrangement,
agreement and conspiracy to do and pursuant to said agreement and conspiracy did in fact do
the following:

a.     Eilel and Hino would and did create the Hino Note and Hino TD for the
purposes of allowing Namco and Defendant Namvar to use said documents as collateral so
that they could obtain loans from third parties, such as Plaintiffs;

b.     Neither Hino nor Eilel had any intention of making any payments pursuant to
the Hino Note and Hino TD and in fact knew, based on the promises of Namco and
Defendant Namvar, would never seek to collect either the principal or the interest due under
the documents, because in fact, Namco and Defendant Namvar had never loaned any money
to Hino;

c.     If at any time any person to whom the Hino Note and Hino TD had been
assigned as collateral for loans to Defendant Namvar and Namco sought to enforce the same,
all of the said co-conspirators would claim that the Hino Note and TD were unenforceable
and invalid.

16.     On or about October 1, 2008, at Los Angeles, California, Namco made,
executed and delivered to Plaintiff Parviz a promissory note ("Parviz Note") in the principal
amount of Four Hundred Thousand Dollars ($400,000.00). (A true and complete copy of the
Parviz Note is attached hereto as Exhibit "2" and made a part hereof by this reference).

17.     The Parviz Note is personally guaranteed by Defendant Namvar. (Exhibit
"2").

18.     On or about October 1, 2008, at Los Angeles, California, Namco made,
executed and delivered to Plaintiff Carsten a promissory note ("Carsten Note") in the
principal amount of Two Hundred Sixty Five Thousand Dollars ($265,000.00). (A true and

COMPLAINT

complete copy of the Carsten Note is attached hereto as Exhibit "3" and made a part hereof by this reference).

19.    The Carsten Note is personally guaranteed by Defendant Namvar. (Exhibit "3").

20.    On or about October 1, 2008, at Los Angeles, California, Namco made, executed and delivered to Plaintiff GP a promissory note ("GP Note") in the principal amount of One Million Five Hundred Twenty Thousand Fifty One Dollars and 95 cents ($1,520,051.95). (A true and complete copy of the GP Note is attached hereto as Exhibit "4" and made a part hereof by this reference).

21.    The GP Note is personally guaranteed by Defendant Namvar. (Exhibit "4").

22.    Each Note provides for payment monthly of interest in arrears on the unpaid balance at the rate of seven and half percent (7.5%) per annum. The Notes further provides that the entire balance of principal and any unpaid interest would become due and payable on fifteen (15) day advance notice.

23.    As security for the performance of its obligations under all of the Notes, Namco assigned and transferred to Plaintiffs, through their collateral agent Plaintiff Parviz, all right title and interest in and to the Hino Note and Note TD.

24.    As evidence and a memorandum of said assignment agreement, Namco made, executed, delivered and recorded a Collateral Assignment of Deed of Trust, ("Namco Assignment"). The Namco Assignment was recorded on November 14, 2008 at 11:12 A.M. in the office of the County Recorder of Los Angeles County as document number 20082012515. (A true and complete copy of the Namco Assignment is attached hereto as Exhibit "5" and made a part hereof by this reference).

25.    The Namco Assignment assigned 100% of the beneficial interest in the Hino Note and the Hino TD as hereinafter described to Plaintiff Parviz so that he could enforce the obligations of Hino thereunder and retain all proceeds of such enforcement until he had recovered 100% of the amounts due all Plaintiffs under the Notes.

26.    The properties which are the subject of this action are commonly known as:

COMPLAINT

a.      11837 Lakewood Boulevard, Downey, California.  The legal description of the said property is attached hereto as Exhibit "6" and made a part hereof by this reference;

b.      1817 West Pico Boulevard, Los Angeles, California. The legal description of the said property is attached hereto as Exhibit "7" and made a part hereof by this reference;

c.      300 East Queen Street, City of Inglewood, California. The legal description of the said property is attached hereto as Exhibit "8" and made a part hereof by this reference.  All of said parcels are herein collectively referred to as the Property.

27.     Hino is the record owner of the Property.  The Property is currently operated by Hino as income producing property.

28.     As of the date of this Complaint, no interest or principal has been paid on any of the Notes, the same are in default and all principal and interest thereunder is due owing and unpaid.

29.     Plaintiffs herein are entitled to have the rents and profits from the Property delivered to them so that they can be applied to the obligations of Hino under the Hino Noted and TD, and thereby to the payment of the Notes which are the subject of this action.

30.     Defendants do not deny the debts owed to Plaintiffs and list Plaintiffs as creditors.

31.     In the event, Defendants dispute the debts owed to Plaintiffs, Plaintiffs will seek leave to amend their Complaint.

32.     Beginning in or about October 1, 2008, Defendants made the following misrepresentations and material omissions, among others, to Plaintiffs:

Misrepresentations:

a.      Representing to Plaintiffs, both expressly and through a continuous course of conduct, that the funds given in exchange for the Notes were loaned to Namco and would be used for legitimate business purposes, when in fact, the funds were going to Defendant Namvar and his family members to fund their "Ponzi" scheme;

b. Representing to Plaintiffs, both expressly and through a continuous course of conduct, that Defendant Namvar was solvent and capable of paying the obligations, when in fact, Defendant Namvar was insolvent;

c. Representing to Plaintiffs, both expressly and through a continuous course of conduct, that Namco was solvent and capable of paying the obligations, when in fact, Namco was insolvent;

d. Representing to Plaintiffs, both expressly and through a continuous course of conduct, that the Hino Note and Hino TD were valid, binding, effective and enforceable, when in fact, Defendants had conspired with Hino and Eilel that if at any time any person to whom these documents had been assigned as collateral for loans to Defendant Namvar and Namco sought to enforce the same, all co-conspirators would claim that the Hino Note and Hino TD were unenforceable and invalid;

e. Representing to Plaintiffs, both expressly and through a continuous course of conduct, that the Namco Assignment was valid, binding, effective and enforceable, when in fact, Defendants had conspired with Hino and Eilel that if at any time any person to whom these documents had been assigned as collateral for loans to Defendant Namvar and Namco sought to enforce the same, all co-conspirators would claim that the Namco Assignment was unenforceable and invalid;

f. Representing to Plaintiffs, both expressly and through a continuous course of conduct, that Hino had knowledge of and had consented to the assignment of the Hino Note and Hino Note to Plaintiffs, when in fact, Defendants had conspired with Hino and Eilel that if at any time any person to whom assignment was made as collateral for loans to Defendant Namvar and Namco sought to enforce the assignment, all co-conspirators would claim lack of knowledge and consent of the assignment;

Material omissions:

g. At all pertinent times, Defendants failed to disclose that they had entered into a plan, arrangement and conspiracy to do and pursuant to said agreement and conspiracy did in fact do the following:

(1) Eilel and Hino would and did create the Hino Note and Hino TD for the purposes of allowing Namco and Defendant Namvar to use said documents as collateral so that they could obtain loans from third parties, such as Plaintiffs;

(2)     Neither Hino nor Eilel had any intention of making any payments pursuant to the Hino Note and TD and in fact knew, based on the promises of Namco and Defendant Namvar would never seek to collect either the principal or the interest due under the documents, because in fact, Namco and Defendant Namvar had never loaned any money to Hino;

(3)     If at any time any person to whom the Hino Note and Hino TD had been assigned as collateral for loans to Defendant Namvar and Namco sought to enforce the same, all of the said co-conspirators would claim that the Hino Note and TD were unenforceable and invalid.

h.      At all pertinent times, Defendants failed to disclose that the funds given in exchange for the Notes were going to Defendant Namvar and his family members to fund their "Ponzi" scheme;

i.      At all pertinent times, Defendants failed to disclose that Defendant Namvar was insolvent;

j.      At all pertinent times, Defendants failed to disclose that Namco was insolvent;

k.      At all pertinent times, Defendants failed to disclose that Hino and Eilel intended to claim that Hino Note and Hino TD were invalid, not binding, ineffective and unenforceable;

l.      At all pertinent times, Defendants failed to disclose that Hino and Eilel intended to claim that the Namco Assignment was invalid, not binding, ineffective and unenforceable;

m.      At all pertinent times, Defendants failed to disclose that Hino and Eilel intended to claim lack of knowledge and consent of the assignment of the Hino Note and TD to Plaintiffs.

## FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A)
### (AGAINST ALL DEFENDANTS)

33.     Plaintiffs hereby incorporate by reference each and every allegation of paragraphs 1 through 32 as though fully set forth herein.

34.     Plaintiffs allege that the obligations due and owing to Plaintiffs by Defendants are nondischargeable by reason of <u>Bankruptcy Code</u> §523(a)(2)(A), based upon the false pretenses, false representations and actual fraud as set forth in this Complaint.

35.     Plaintiffs are informed and believe, and thereon allege, that each of Defendants' inducements and representations were false and were part of a larger illegal financial scheme and but for such false promises and inducements and actual fraud, Plaintiffs would not have given their money to Defendants.

36.     Plaintiffs are informed and believe, and thereon allege, that Defendants' conduct rose to the level of fraud as defined under <u>Bankruptcy Code</u> §523(a)(2)(A) and that Defendants' conduct was done with the intention to willfully and maliciously cause injury to Plaintiffs, or with a willful and malicious intent which resulted in injury to Plaintiffs, all as defined under <u>Bankruptcy Code</u> §523(a)(2)(A).

37.     As a direct and proximate result of Defendants' false, fraudulent or deceptive acts, Plaintiffs have sustained damages in an amount according to proof, but in no event less than Two Million Nine Hundred Thousand Dollars ($2,900,000.00) plus interest there on at the rate of seven and half (7.5%) per annum from July 30, 2008 to the date of entry of judgment.

38.     As a further result of Defendants' conduct, Plaintiffs have been required to expend attorneys' fees and costs in a sum according to proof at trial.

39.     Pursuant to <u>Bankruptcy Court</u> §523(a)(2)(A), the debt incurred by Defendants to Plaintiffs is nondischargeable.

**<u>SECOND CAUSE OF ACTION FOR NONDISCHARGEABILITY</u>**

**<u>OF DEBT PURSUANT TO 11 U.S.C. §523(a)(6)</u>**

**(AGAINST ALL DEFENDANTS)**

40.     Plaintiffs hereby incorporate by reference each and every allegation of paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiffs allege that the obligations due and owing to Plaintiffs by Defendants are nondischargeable by reason of <u>Bankruptcy Court</u> §523(a)(6), based upon willful and malicious injury by Defendants to another entity or to the property of another entity as set forth in this Complaint.

42.     On information and belief, each of Defendants' inducements and representations, as well as Defendants' defalcation and theft/conversion, was false and or unlawful and Defendants' knew or should have known at the time they were false and unlawful, and were made by Defendants with the specific intent and purpose of inducing Plaintiffs to enter into a contract and/or to steal from Plaintiffs.

43.     As a result of Defendants' false representations and theft/conversion, as set forth in this Complaint, Defendants received a benefit from Plaintiffs in the amount of not less than Two Million Nine Hundred Thousand Dollars ($2,900,000.00).

44.     As s result of Defendants' fraud or defalcation, Plaintiffs were damaged in the amount of not less than Two Million Nine Hundred Thousand Dollars ($2,900,000.00) plus interest there on at the rate of seven and half (7.5%) per annum from July 30, 2008 to the date of entry of judgment.

45.     As a further result of Defendants' conduct, Plaintiffs have been required to expend attorneys' fees and costs in a sum according to proof at trial.

46.     Pursuant to Bankruptcy Court §523(a)(6), the debt incurred by Defendants to Plaintiffs is nondischargeable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

AS TO THE FIRST CAUSE OF ACTION:

1.     For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(2)(A);

2.     For a judgment against Defendants in an amount not less than Two Million Nine Hundred Thousand Dollars ($2,900,000.00) plus interest thereon at the rate of seven and half (7.5%) per annum from July 30, 2009 to the date of entry of judgment;

3.     For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

AS TO THE SECOND CAUSE OF ACTION:

1.     For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(6);

2.    For a judgment against Defendants in an amount not less than Two Million Nine Hundred Thousand Dollars ($2,900,000.00) plus interest thereon at the rate of seven and half (7.5%) per annum from July 30, 2009 to the date of entry of judgment;

3.    For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

ON ALL CAUSES OF ACTION:

1.    For such other and further relief as the Court may deem just and proper.

Dated: May 15, 2009                    LAW OFFICES OF SAUL REISS, P.C.


By: _____
    Saul Reiss, Esq.
    Attorney for Plaintiffs
    PARVIZ NADJAT HAIEM,
    CARSTEN NADJET HAIEM
    And GP HAIEM, INC.

**1**

Recycled Stock # DO-25-SS

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
Namco Capital Group, Inc.
12121 Wilshire Blvd.#1400
Los Angeles, CA 90025

08/20/08



**20081497493**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**This Deed of Trust**, made this    30th day of   July 2008                                                                          , between
                    HINO- 8 LLC, a California  limited liability company                                                  hereinafter called TRUSTOR,
whose address is   12121 Wilshire Blvd., #1400 Los Angeles  CA 90049
                     (number and street)                                                       (city)          (zone)        (state)

                                    Chicago Title company                                                                  herein called TRUSTEE, and
                    Namco Capital Group, Inc., a California corporation                                                herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in
Los Angeles                                                                                                 County, California, described as:

SET FORTH IN EXHIBITS "A" "B" & "C" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**
      1. Performance of each agreement of Trustor herein contained.  2.  Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $2,900,00.00 executed by Trustor in favor of Beneficiary or order.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**
      (1)   To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonable necessary, the specific enumeration herein not excluding the general.
      (2)   To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
      (3)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.
      (4)   To pay:  at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.
      Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes;  appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.
      (5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.
      (6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.
      (7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.
      (8)   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Bene:      stating that all sums secured hereby have been paid, an.      .n surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15) In the event: (a) of a default under this Deed of Trust, or (b) Trustor sells, transfers, grants, hypothecates, conveys, encumbers, alienates, or assigns (voluntarily, involuntarily, or by operation of law), enters into a contract of sale of, or leases, the Property, or any portion of the Property or any interest therein, or any interest in Trustor, Lender may, at its option and without further notice to any person, declare the entire principal balance and any other obligations under the Note and/or any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable. Trustor shall provide to Lender a complete and exact duplicate copy of any contract providing for the transfer of any interest in the Property, or any deed of trust or similar instrument creating a lien or encumbrance on the Property, immediately upon the execution of any such contract, deed of trust, or other instrument. No waiver of Lender's right to accelerate shall be effective unless it is in writing.

(16). Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the note secured hereby (the "Note"). Among other things, Trustor acknowledges that Beneficiary has relied upon the principals of Trustor and their experience in owning and operating the Property in connection with the closing of the loan evidenced by the Note. Accordingly, in the event that the Property or any part thereof or interest therein shall be sold, conveyed, disposed of, alienated, hypothecated, assigned, pledged, mortgaged, further encumbered or otherwise transferred or Trustor shall be divested of its title to the Property or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the prior written consent of Beneficiary being first obtained (which consent may be withheld in Beneficiary's sole and absolute discretion), then, the same shall constitute an Event of Default hereunder and under the Note and Beneficiary shall have the right, at its option, to declare any or all of the indebtedness secured hereby, irrespective of the maturity date specified herein, immediately due and payable and to otherwise exercise any of its other rights and remedies contained herein. Without limiting the generality of the foregoing, it is agreed that the sale, conveyance, transfer or disposition of any of the interest in of any entity which is named as a Trustor herein; or the sale, conveyance, transfer or disposition of any of the interest in any entity whose shares or membership interest may have been pledged to Beneficiary under any other loan document between the parties shall be deemed to be a transfer of an interest in the Property. If any consent to a transfer is given, the transferee by such transfer shall automatically become subject to and obligated by the terms of this Note and all of the other Loan Documents, but Trustor, and any other maker or guarantor of this Note shall not in any way be released from any liability or from any of Trustor's obligations hereunder. Consent to any one transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor                                                                 Signature of Trustor

Hino-8 LLC

By: Eilel Namvar-Manager

STATE OF CALIFORNIA.

COUNTY OF _____

On _____ before me, _____, a

Notary Public in and for said County and State, personally appeared _____

_____, personally known to

me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

Signature _____

WITNESS my hand and official seal.

(This Area for Official Notarial Seal)

**Deed of Trust
WITH POWER OF SALE
(Long Form)**

DO NOT RECORD

DONOTRECORD

## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.

Dated _____

To Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

By: _____

By: _____

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_    }

On _July 30, 2008_ before me, _Alpha C. Giles, Notary Public_,
Date                              Here Insert Name and Title of the Officer

personally appeared _EILEL NAMVAR MOGHADEM_
Name(s) of Signer(s)

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
              Signature of Notary Public

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

Place Notary Seal Above

─────────── **OPTIONAL** ───────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Long Form Deed of Trust & Assignment of Rents_

Document Date: _July 30, 2008_    Number of Pages: _3 pgs_

Signer(s) Other Than Named Above: _none_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

. EXHIBIT "A"

THAT PORTION OF LOT P OF THE RANCHO SANTA GERTRUDES, IN THE CITY
OF DOWNEY, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON
MAP RECORDED IN BOOK 1 PAGE 502 OF MISCELLANEOUS RECORDS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

BEGINNING AT THE MOST SOUTHERLY CORNER OF TRACT NO. 20081 AS
SHOWN ON MAP RECORDED IN BOOK 518 PAGES 41 AND 42 OF MAPS, RECORDS
OF   SAID   COUNTY;   THENCE   NORTH   31' 27' 30" EAST ALONG THE
SOUTHEASTERLY LINE OF SAID TRACT NO. 20081, A DISTANCE OF 275.02
FEET   TO   THE   SOUTHWESTERLY LINE OF STEWART AND GRAY ROAD, 80 FEET
WIDE, AS DESCRIBED IN THE DEED TO THE "COUNTY "OF LOS ANGELES,
RECORDED ON  DECEMBER 31, 1952 AS INSTRUMENT NO. 4124, IN BOOK
40639 PAGE 117 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY; THENCE ALONG SAID ROAD SOUTH 58' 37' 00"
EAST 153 FEET TO THE WESTERLY LINE OF STEWART & GRAY ROAD AS
DESCRIBED IN THE DEED TO THE COUNTY OF LOS ANGELES RECORDED ON
DECEMBER 17 1953, AS INSTRUMENT NO. 3048 IN BOOK 43414, PAGE 356
OF SAID OFFICIAL RECORDS; THENCE ALONG SAID ROAD SOUTH 13' 34' 45"
EAST 24.06 FEET TO THE NORTHWESTERLY LINE OF LAKEWOOD BOULEVARD,
60  FEET WIDE, AS SHOWN ON THE MAP OF SAID TRACT NO. 20081; THENCE
SOUTH 31' 27' 30" WEST ALONG SAID LAKEWOOD BOULEVARD 258.12 FEET
TO THE SOUTHEASTERLY PROLONGATION OF THE SOUTHWESTERLY LINE OF
SAID TRACT NO. 20081; THENCE NORTH 58' 35' 02" WEST ALONG SAID
PROLONGED SOUTHWESTERLY LINE 170 FEET TO THE POINT OF BEGINNING.

## EXHIBIT "B"

Lots 15, 16, 17 and 18, in block 316 Townsite of Inglewood, in the City of Inglewood, County of Los Angeles, State of California, as per map recorded in Book 34 Page 19 Et Seq., of Miscellaneous Records, in the office of the County Recorder of said County.

Assessor's Parcel Number. 4021-010-010

## EXHIBIT "C"

Lot 24 in Block 7 of Williamson Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 12 Page(s) 5 of Miscellaneous Records, in the office of the County Recorder of said County.

Property commonly known as: 1817 West Pico Boulevard, Los Angeles, CA

A.P.N. 5137-34-20

**2**

Tabs Co. 1-800-322-3022

Recycled  Stock # DO-25-SS

## PROMISSORY NOTE

Los Angeles, California

**$400,000.00**                                    Dated: October 1, 2008

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to Parviz Nadjat Haiem ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of Four Hundred Thousand  and 00/100  **Dollars  ($400,000.00),** together with interest thereon on September 1, 2009 (the "Maturity Date"),at 701 N.Rodeo Dr , Beverly Hills CA 90210 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding  principal amount of this Note shall bear interest at the rate of **seven and one half Percent (7.5%)** per annum   calculated on the basis of a three hundred sixty five (365) day year, Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning November 1, 2008 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned, or any party, to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than thirty (30) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

**Namco Capital Group, Inc.**


**Ezri Namvar-President**


This Note is personally guaranteed by:


Ezri Namvar

**3**

## PROMISSORY NOTE

Los Angeles, California

**$265,000.00**                                                    Dated: October 1, 2008

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to Carsten Nadjet Haiem ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of Two Hundred Sixty Five Thousand and 00/100 **Dollars ($265,000.00),** together with interest thereon on September 1, 2009 (the "Maturity Date"),at 701 N.Rodeo Dr , Beverly Hills CA 90210 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding  principal amount of this Note shall bear interest at the rate of **seven and  one half Percent (7.5%)** per annum   calculated on the basis of a three hundred sixty five (365) day year, Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning November 1, 2008 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned, or any party, to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than thirty (30) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

**Namco Capital Group, Inc.**


**Ezri Namvar-President**


This Note is personally guaranteed by:


Ezri Namvar

**4**

Recycled Stock # DO-25-SS

## PROMISSORY NOTE

Los Angeles, California

**$1,520,051.95**                                           Dated: October 1, 2008

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to GP Haiem ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of One Million Five Hundred Twenty Thousand Fifty one and 95/100 **Dollars ($1,520,051.95),** together with interest thereon on September 1, 2009 (the "Maturity Date"),at 701 N.Rodeo Dr , Beverly Hills CA 90210 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding principal amount of this Note shall bear interest at the rate of **seven and one half Percent (7.5%)** per annum calculated on the basis of a three hundred sixty five (365) day year, Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning November 1, 2008 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned, or any party, to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than thirty (30) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

**Namco Capital Group, Inc.**

Ezri Namvar-President

This Note is personally guaranteed by:

Ezri Namvar

**5**

 **This page is part of your document - DO NOT DISCARD** 



**20082012515** **Pages: 004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

Fee:  16.00
Tax:  0.00
Other: 0.00

11/14/08 AT 11:12AM

Total: 16.00

2441959        200811140040024   Counter

# TITLE(S) :



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.      Number of AIN's Shown



 

RECORDING REQUE....Y

Cardu Siles

WHEN RECORDED MAIL TO

NAME    Nomeo Capital

MAILING
ADDRESS  12121 Wilshire Bl., #1400

CITY, STATE
ZIP CODE  LA, CA 90025

11/14/08



20082012515

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

Collateral Assignment of Deed of Trust

When Recorded Mail To

Namco Capital Group,Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

**For Value Received**, the undersigned hereby grants, assigns and transfers to Parviz Nadjat Haiem as to all beneficial interest   under that certain Deed of Trust dated July 30, 2008 executed by **HINO-8 LLC, a California limited liability** Trustor, to Chicago Title company , Trustee, and recorded as instrument # 20081497493 on August 20, 2008 in the County Recorder's office of **Los Angeles** County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

**Together**  with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated: October 6, 2008                                    Namco Capital Group, Inc.

By: _____
Ezri Namvar-President

STATE OF _____ )
COUNTY OF _____ )

On _____ 20___ before me, _____ personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

· EXHIBIT "A"

THAT PORTION OF LOT P OF THE RANCHO SANTA GERTRUDES, IN THE CITY
OF DOWNEY, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON
MAP RECORDED IN BOOK 1 PAGE 502 OF MISCELLANEOUS RECORDS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

BEGINNING AT THE MOST SOUTHERLY CORNER OF TRACT NO. 20081 AS
SHOWN ON MAP RECORDED IN BOOK 814 PAGES 41 AND 42 OF MAPS, RECORDS
OF SAID COUNTY; THENCE NORTH 51° 27' 30" EAST ALONG THE
SOUTHEASTERLY LINE OF SAID TRACT NO. 20081, A DISTANCE OF 275.02
FEET TO THE SOUTHWESTERLY LINE OF STEWART AND GRAY ROAD, 80 FEET
WIDE, AS DESCRIBED IN THE DEED TO THE COUNTY OF LOS ANGELES,
RECORDED ON DECEMBER 21, 1982 AS INSTRUMENT NO. 4134, IN BOOK
48589 PAGE 117 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY; THENCE ALONG SAID ROAD SOUTH 38° 37' 00"
EAST 150 FEET TO THE WESTERLY LINE OF STEWART & GRAY ROAD AS
DESCRIBED IN THE DEED TO THE COUNTY OF LOS ANGELES RECORDED ON
DECEMBER 17 1959, AS INSTRUMENT NO. 3048 IN BOOK 49414, PAGE 356
OF SAID OFFICIAL RECORDS; THENCE ALONG SAID ROAD SOUTH 13° 34' 45"
EAST 24.06 FEET TO THE NORTHWESTERLY LINE OF LAKEWOOD BOULEVARD,
60 FEET WIDE, AS SHOWN ON THE MAP OF SAID TRACT NO. 20082; THENCE
SOUTH 31° 27' 30" WEST ALONG SAID LAKEWOOD BOULEVARD 258.12 FEET
TO THE SOUTHEASTERLY PROLONGATION OF THE SOUTHWESTERLY LINE OF
SAID TRACT NO. 20081; THENCE NORTH 58° 35' 02" WEST ALONG SAID
PROLONGED SOUTHWESTERLY LINE 170 FEET TO THE POINT OF BEGINNING.

**6**

Recycled ♻ Stock # DO-25-SS

Title No. 08-**725118615**-DJ
Locate No. CAFNT0972-0972-0051-0725118615

## LEGAL DESCRIPTION

### EXHIBIT "A"

THAT PORTION OF LOT P OF THE RANCHO SANTA GERTRUDES, IN THE CITY OF DOWNEY, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1 PAGE 502 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

BEGINNING AT THE MOST SOUTHERLY CORNER OF TRACT NO. 20081 AS SHOWN ON MAP RECORDED IN BOOK 518 PAGES 41 AND 42 OF MAPS RECORDS OF SAID COUNTY; THENCE NORTH 31° 27' 30" EAST ALONG THE SOUTHEASTERLY LINE OF SAID TRACT NO. 20081, A DISTANCE OF 275.02 FEET TO THE SOUTHWESTERLY LINE OF STEWART AND GRAY ROAD, 80 FEET WIDE, AS DESCRIBED IN THE DEED TO THE COUNTY OF LOS ANGELES, RECORDED ON DECEMBER 31, 1952 AS INSTRUMENT NO. 4124, IN BOOK 40639 PAGE 117 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; THENCE ALONG SAID ROAD SOUTH 58° 37' 00" EAST 153 FEET TO THE WESTERLY LINE OF STEWART & GRAY ROAD AS DESCRIBED IN THE DEED TO THE COUNTY OF LOS ANGELES, RECORDED ON DECEMBER 17, 1953 AS INSTRUMENT NO. 3048, IN BOOK 43414, PAGE 356 OF SAID OFFICIAL RECORDS; THENCE ALONG SAID ROAD SOUTH 13° 34' 45" EAST 24.06 FEET TO THE NORTHWESTERLY LINE OF LAKEWOOD BOULEVARD, 60 FEET WIDE, AS SHOWN ON THE MAP OF SAID TRACT NO. 20081; THENCE SOUTH 31° 27' 30" WEST ALONG SAID LAKEWOOD BOULEVARD 258.12 FEET TO THE SOUTHEASTERLY PROLONGATION OF THE SOUTHEASTERLY LINE OF SAID TRACT NO. 20081; THENCE NORTH 58° 35' 02" WEST ALONG SAID PROLONGED SOUTHWESTERLY LINE 170 FEET TO THE POINT OF BEGINNING.

APN: 6258-011-073

CLTA Preliminary Report Form - Modified (11/17/06)

**7**

Recycled  Stock # DO-25-SS

Title No. 08-**725118617**-OJ
Locate No. CAFNT0972-0972-0051-0725118617

## LEGAL DESCRIPTION

### EXHIBIT "A"

LOT 24 IN BLOCK 7 OF WILLIAMSON TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12, PAGE 5 OF MISCELLANEOUS RECORDS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5137-034-020

2

CLTA Preliminary Report Form - Modified (11/17/06)

**8**

Recycled ♻ Stock # DO-25-SS

Title No. 08-**725118616**-DJ
Locate No. CAFNT0972-0972-0051-0725118616

## LEGAL DESCRIPTION

### EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED INGLEWOOD, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Lots 15, 16, 17 and 18, in Block 316 Townsite of Inglewood, in the City of Inglewood, County of Los Angeles, State of California, as per map recorded in Book 34, Page 19 et seq., of Miscellaneous Records, in the Office of the County Recorder of said County.

APN: 4021-010-010

2

CLTA Preliminary Report Form - Modified (11/17/06)

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**PLAINTIFFS**
Parviz Nadjat Haiem, Carsten Nadjet Haiem and GP Haiem, Inc., a California corporation

**DEFENDANTS**
Ezri Namvar, an individual and DOES 1 through 50, inclusive

RECEIVED
MAY 18 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Saul Reiss, Law Offices of Saul Reiss, PC, 2800 28th St., #328, Santa Monica, Ca 90405, Tel. 310/450-2888, Fax. 310/450-2885, E-mail: saulreiss@verizon.net

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor        ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☑ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor        ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Nondischargeability of debt pursuant to 11 USC Section 523(a)(2)(A), and
(2) Nondischargeability of debt pursuant to 11 USC Section 523(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property -§542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
      (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 2,900,000.00 |

**Other Relief Sought**
(1) For determination of nondischargeability pursuant to 11 U.S.C. Section 523(a)(2)A); (2) For determination of nondischargeability of debt pursuant to 11 U.S.C. Section 523(a)(6); (3) For a judgment against Defendants; (4) For award of attorneys' fees; and (5) For such other and further relief as the Court may deem just and proper

FORM B104 (08/07), page 2                                              2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| Ezri Namvar | | 2:08bk-32349-BR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Los Angeles | |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|

| DATE  5/18/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Saul Reiss |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Saul Reiss, SBN 48528<br>Law Offices of Saul Reiss, P.C.<br>2800 28th Street, Suite 328<br>Santa Monica, Ca 90405<br>Tel. 310-450-2888<br>Fax. 310-450-2885<br>e-mail: saulreiss@verizon.net | **RECEIVED**<br>**MAY 1 8 2009**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____Deputy Clerk |

*Attorney for Plaintiff* Parviz Nadjat Haiem, Carsten Nadjet and GP Haiem, Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: | CHAPTER  11 |
|---|---|
| Ezri Namvar | CASE NUMBER  2:08-bk-32349-BR |
| Debtor. | ADVERSARY NUMBER |

| Parviz Nadjat Haiem, Carsten Nadjet and GP Haiem, Inc., a California corporation, | Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
|---|---|---|
| vs. | | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |
| Ezri Namvar, an individual and DOES 1 through 50, inclusive, | Defendant(s). | |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☒ **255 East Temple Street, Los Angeles**        ☐ **411 West Fourth Street, Santa Ana**

☐ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
        *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**

Summons and Notice of Status Conference  - *Page 2*                                    **F 7004-1**

| In re | (SHORT TITLE) | | CASE NO.: 2:08-bk-32349-BR |
|---|---|---|---|
| Ezri Namvar | | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                          **F 7004-1**

Summons and Notice of Status Conference  - *Page 3*

**F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: 2:08-bk-32349-BR |
|-------|---------------|----------------------------|
| Ezri Namvar | Debtor(s). | |

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**